**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-CV-740-RGJ-CHL**

PATRICIA DINIZ, et al.,                                                                    Plaintiffs,

v.

MICHAEL W. BURKE, et al.,                                                              Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court are (1) the Plaintiffs' Motion to Amend Scheduling Order (DN 80); (2) NFI's Motion for Enlargement of Time to Serve Expert Witness Disclosures and to Conduct Expert Discovery (DN 82); and (3) the Parties' proposed Scheduling Order related to Third-Party Defendant 3929 Shelbyville LLC d/b/a Sullivan's Tap House ("Sullivan's") (DN 81) submitted in compliance with the Court's September 30, 2020, Order (DN 79).[1]  NFI, Sullivan's, and Defendant/Crossclaimant/Third-Party Plaintiff Tin Roof Acquisition Company, LLC ("Tin Roof") all filed responses in opposition to Plaintiffs' motion.  (DNs 86, 87, 88.)  Plaintiffs did not file a reply.  No party filed a response or objection to NFI's motion (DN 82).  Therefore, these matters are ripe for review.

**I.     BACKGROUND**

      **A.     Procedural History**

In October 2018, Plaintiffs filed a complaint in state court against Defendants NFI, Tin Roof, and Michael Burke ("Burke") regarding a fatal motor vehicle accident.  (DN 1-1.)  NFI

---

[1] The Court will collectively refer to Defendants/Crossclaimants/Third-Party Plaintiffs NFI Interactive Logistics, LLC; NFI, L.P.; and NAT Freight, Inc. as "NFI."

removed this action to this Court in November 2018. (DN 1.) Both NFI and Tin Roof filed crossclaims against each other for indemnity, contribution, and apportionment.[2] (DNs 1-2, 41.)

On September 9, 2019, the Court entered its initial scheduling order. (DN 18.) The Court directed the Parties to complete all fact discovery by May 29, 2020; the Plaintiff to serve expert disclosures on or before July 31, 2020; Defendants to serve expert disclosures on or before October 15, 2020; the Parties to complete all expert discovery on or before December 15, 2020; and the Parties to file all *Daubert*/dispositive motions on or before March 1, 2021. (*Id.*) The Court also set a pretrial conference for early September 2021 and the matter for trial beginning on September 28, 2021. (*Id.*; DN 19.)

Plaintiffs served interrogatories, requests for production, and requests for admission on both Tin Roof and NFI prior to the expiration of the fact discovery deadline. (DNs 21, 22, 23; DN 51, at PageID # 468.) Plaintiffs received Tin Roof's responses in "early 2020" and NFI's responses on May 27, 2020, only two days before the expiration of the fact discovery deadline.[3] (DN 51, at PageID # 468.)

In early February 2020, Tin Roof filed a motion for leave to file a third-party complaint against Sullivan's that was ultimately granted on March 13, 2020. (DNs 24, 29, 30.) NFI sought and received an extension of time through May 29, 2020, to file its third-party complaint against Sullivan's. (DNs 25, 27.) NFI's motion was filed on May 15, 2020, and granted on June 10, 2020, after the expiration of the fact discovery deadline. (DNs 40, 47, 48.)

On May 4, 2020, counsel for Tin Roof requested dates to take Plaintiffs' depositions. (DN 86, at PageID # 727; DN 86-1.) Though Plaintiffs' counsel responded to Tin Roof's request on

---

[2] Tin Roof's motion to strike NFI's Crossclaims is currently pending before the Court. (DN 45.)
[3] Tin Roof filed a Notice of Service of its responses to interrogatories and requests for production indicating that the same were served on February 11, 2020. (DN 23.)

May 5, 2020, by stating that counsel thought the Parties needed to wait given the addition of Sullivan's and that the request was made on short notice (DN 86-1), Tin Roof proceeded to unilaterally notice the Plaintiffs' depositions. (DN 86, at PageID # 728; DNs 37, 38, 39.) Counsel for Tin Roof indicated in the notices themselves and in an accompanying letter that the depositions could take place via Zoom and counsel would be willing to change the scheduled date/location to one mutually agreeable. (DN 86, at PageID # 728; DNs 37, 38, 39.) On May 21, 2020, Plaintiffs' counsel e-mailed counsel for Tin Roof regarding the scheduled depositions to indicate that the Plaintiffs were unable to sit for the same. (DN 86-3, at PageID # 742.) Plaintiffs' counsel said that he had not been working due to the COVID-19 pandemic and other medical reasons. (*Id.*) Plaintiffs' counsel again cited the recent third-party Complaint against Sullivan's and indicated that Plaintiffs would like to "call the [M]agistrate [Judge] and arrange a new scheduling order." (*Id.*) Plaintiffs' counsel stated that he would like to set Plaintiffs' depositions for late June and emphasized, "[W]e are not trying to delay this and obviously want to move this case along." (*Id.*) In response, Tin Roof's counsel cancelled the depositions but indicated that doing so was not a waiver of the request for the depositions to occur prior to the May 29, 2020, fact discovery deadline. (*Id.* at 741; DNs 42, 43, 44.) Tin Roof's counsel also indicated that Tin Roof did not agree to join any motion for extension of the scheduling order or the discovery deadline. (DN 86-3, at PageID # 741.) On June 2, 2020, Tin Roof filed a motion for summary judgment as part of which it argued that "the record [wa]s devoid of evidence that could support Plaintiffs' claims against Tin Roof." (DN 46-1, at PageID # 352.)

At a June 24, 2020, status conference with the undersigned, Plaintiffs indicated that they wished to request an extension of the case schedule and Defendants opposed. (DN 54.) Counsel for Sullivan's also made its first appearance in the action at the conference and requested an

extension of time to respond to both Third-Party Complaints, which the Court granted. (*Id.*) Given the Parties' disagreement about how to proceed, the Court directed Plaintiffs to file their motion for extension on or before July 8, 2020. (*Id.*) Sullivan's filed its answers to the Third-Party Complaints on July 13, 2020. (DNs 59, 60.)

On July 1, 2020, District Judge Rebecca Grady Jennings ordered the Parties to mediate the case with the undersigned on or before October 1, 2020. (DN 56.) While Plaintiffs failed to file their motion to amend on or before the July-8 deadline set by the Court, Sullivan's counsel filed a motion for extension of deadlines and a motion to remand the pretrial conference and trial date given its recent addition to the case. (DNs 64, 67.) Sullivan's also filed motions for summary judgment arguing that "it [wa]s entitled to early dismissal of Tin Roof's and NFI's claims against it as a matter of law." (DN 71, at PageID # 638; DNs 69, 70.)

The Parties participated in a settlement conference with the undersigned on September 29, 2020, that was not successful in resolving the case. (DN 78.) On September 30, 2020, the Court ruled on Sullivan's motions regarding the schedule, noting that an extension as to Sullivan's was justified but that the issue of an extension as to Plaintiffs was not fully before the Court. (DN 79.) Accordingly, the Court directed the Parties to develop a joint proposal as to how to complete discovery as to Sullivan's in advance of the current pretrial conference and trial date. (*Id.*) The Court also directed that any party who wished to file a motion to amend the scheduling order should do so on or before October 9, 2020. (*Id.*) The instant motions followed.

### B. The Instant Motions/Filings

The Parties jointly proposed that the Court adopt the following schedule as to Sullivan's:

| | |
|---|---|
| Written Discovery by/to Sullivan's | December 31, 2020 |
| Depositions by/of Sullivan's | March 30, 2021 |
| Third-Party Plaintiffs' Expert Disclosures | April 30, 2021 |

4

| | |
|---|---|
| Expert Discovery of Third-Party Plaintiffs | May 30, 2021 |
| Sullivan's Expert Disclosures | June 15, 2021 |
| Expert Discovery of Sullivan's | July 15, 2021 |
| *Daubert* motions | August 15, 2021 |

(DN 81.)

Because the Court had left intact all remaining deadlines, NFI moved the Court to enlarge its deadline to disclose experts and conduct discovery to match the Parties' joint proposal above. (DN 82.) In support, NFI generally indicated that Plaintiffs' failure to timely disclose an expert prejudiced NFI's "ability to identify, consult with, and retain expert witnesses necessary to raise defenses to Plaintiffs' claims and in turn pursue NFI's Crossclaim and Third-Party Complaint." (*Id.* at PageID # 678.) However, NFI did not provide any specific examples of said prejudice.

Plaintiffs asked the Court to amend the current schedule to allow it through December 31, 2020, to complete its expert disclosures and any fact discovery, except depositions, which it proposed to be completed consistent with the Parties' joint proposal as to Sullivan's. (DN 80.) In support, Plaintiffs cited the "tortuous" procedural history of this case, stated that its efforts were delayed due to COVID-19, and emphasized that it would have been inefficient to conduct discovery before all Parties were in the case. (*Id.*) Plaintiffs also argued that no party would be prejudiced by the extension given the amount of time left before trial in this matter. (*Id.*) All other Parties opposed the request. Tin Roof pointed to Plaintiffs' perceived failures to conduct any discovery during their previous opportunities to do so and their failure to file a motion as directed in the Court's June 26, 2020, Order (DN 54). (DN 86.) Tin Roof also argued that it would be prejudiced by an extension given that it already served its expert disclosures and filed its dispositive motion. (*Id.*) Similarly, NFI pointed to Plaintiffs' prior conduct and argued that Plaintiffs have not met the standard under the applicable Federal Rules. (DN 87.) NFI also argued that the addition of Sullivan's did not prevent Plaintiffs from conducting discovery as to Tin Roof

5

and NFI. (*Id.*) Sullivan's' response merely incorporated the arguments made by Tin Roof and NFI. (DN 88.) As noted above, Plaintiffs' did not file a reply.

**II.      DISCUSSION**

    **A.**     **Legal Standard**

Pursuant to Fed. R. Civ. P. 16(b)(4), the Court may amend the Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating whether a party has shown "good cause," the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Ingle v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); s*ee also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

    **B.**     **Analysis**

As to Plaintiffs' requested extension, the Court concludes that Plaintiffs have shown good cause for their request. When viewed as a whole, the procedural history of this case does not demonstrate the utter lack of work by Plaintiffs upon which Defendants would like the Court to rely. Plaintiffs did serve written discovery upon the Parties already in the case prior to the discovery deadline and received at least one set of responses to the same only shortly before the fact discovery deadline. Plaintiffs also put opposing counsel on notice at the time the same requested their depositions that they planned to request an extension of the scheduling order given the addition of Sullivan's. Sullivan's was not fully brought into the case until the Court granted NFI leave to file its Third-Party Complaint on June 10, 2020, and Sullivan's did not even appear before the Court until the June 24, 2020, status conference. As to Plaintiffs' failure to file their

6

motion for extension on or before July 8, 2020, as ordered by the Court at the June status conference (DN 54), prior to that date the Court also directed the Parties to mediate this case. The Court finds that Plaintiffs could have reasonably chosen to focus their efforts on settlement and thus, the delay in filing their instant motion does not demonstrate a lack of diligence.

The Court likewise finds that the extension will not prejudice Defendants. While Tin Roof does have a pending dispositive motion, it filed its motion before even Plaintiffs' expert disclosure deadline had expired and while on notice that Plaintiffs intended to request an extension. Accordingly, the Court does not find that Tin Roof can use its motion to create prejudice under the circumstances. As to Sullivan's, Sullivan's has already stated that its pending dispositive motions is based on legal grounds, not factual ones, and Sullivan's opposition to Plaintiffs' motion for extension cited no specific examples of prejudice. As to NFI, NFI's response was non-specific as to the prejudice an extension would inflict on it, and any such unspecified prejudice is more than mitigated by a corresponding extension of NFI's deadlines as requested in NFI's separate motion. Thus, the Court will also extend NFI's deadlines as requested in its motion.

As to the length of the Parties' proposed extensions and the Parties' proposed schedule (DN 81), the Court does not find that the Parties' schedule allows the Court to preserve the September 2021 trial date current set in this action. The Parties' proposal sets a deadline for filing *Daubert* motions of August 15, 2021. (*Id.*) When the response and reply deadlines set by the Court's Local Rules for such motions are taken into account, the Parties have left the Court less than ten days before trial to address any such motions. This is insufficient and would prevent the Parties from having clarity about the anticipated expert trial testimony in the case until the eve of trial. Therefore, while the Court will extend the deadlines, including those requested by Plaintiffs and NFI, the Court will modify the Parties' proposal as set forth below.

**III.    ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1) Plaintiffs' Motion to Amend Scheduling Order (DN 80) is **GRANTED IN PART** and **DENIED IN PART** in that the Court will adjust Plaintiffs' proposed deadlines as set forth below.

(2) NFI's Motion for Enlargement of Time to Serve Expert Witness Disclosures and to Conduct Expert Discovery (DN 82) is **GRANTED IN PART** and **DENIED IN PART** in that the Court will adjust NFI's proposed deadlines as set forth below.

(3) The Court declines to adopt in full the Parties' proposed Scheduling Order related to 3929 Shelbyville Road (DN 81) and will instead adjust the deadlines as set forth below.

IT IS FURTHER ORDERED that the Court's September 9, 2019, Order (DN 18) and other orders regarding scheduling are hereby amended as follows:

(1) **Fact Discovery**.  The Parties shall serve all written discovery as to Sullivan's and Sullivan's shall serve its own written discovery on or before **December 31, 2020**. The Parties shall complete all fact discovery no later than **February 1, 2021**.

(2) **Expert Disclosures.**

   a) Identification of experts in accordance with Rule 26(a)(2) shall be due:

   i. By Plaintiff(s) Plaintiffs:  no later than **February 15, 2021**;

   ii. By Third-Party Plaintiffs/Defendant(s):  no later than **March 17, 2021**;

   iii. By Third-Party Defendant(s):   no later than **April 16, 2021**.

    b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

 (3) **Expert Discovery**.  The Parties shall complete all expert discovery no later than **May 17, 2021**.

 (4) **Joint Status Report at the Close of Discovery**. By no later than **May 17, 2021**, the deadline for expert discovery, the Parties shall file a joint status report with the Court that includes the Parties' positions on mediation.

 (5) **Dispositive and Expert Motions**. No later than **June 16, 2021**, counsel for the Parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

 (6) All other provisions of the Court's prior orders regarding scheduling remain in full effect.

*[Signature: Colin Lindsay]*

       Colin H Lindsay, Magistrate Judge
       United States District Court

cc:  Counsel of record
  December 7, 2020